UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CURT WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:07-CV-01283-LRH-LRL |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LIZ AYERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter involves Plaintiff Curt Wilson's 42 U.S.C. § 1983 claims against Defendants Nancy K. Richins, Liz Ayers, and Jean Stephens seeking money damages for the denial of a workers' compensation claim. Before the court are Nancy K. Richins's, Liz Ayers's, and Jean Stephens's Motions to Dismiss ((#14[1]), (#16), and (#17), respectively). For the reasons discussed below, Defendant Richins's motion is granted, and Ayers's and Stephens's motions are denied.

**I.    Facts and Procedural History**

Because the court considers this case on a motion to dismiss, the complaint's allegations are accepted as true. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

In November 2005, Curt Wilson, a Clark County firefighter, filed a worker's compensation claim with his employer for prostate cancer. (Compl. (#5) at 3.) Before filing his claim, three

---

[1] Refers to the court's docket entry number

other Clark County firefighters filed similar claims for prostate cancer and received compensation for an occupational disease. (*Id.*) Wilson worked with the three firefighters for seventeen years, was exposed to similar conditions, chemicals, and carcinogens, and thus contracted cancer. (*Id.*) Unlike the three other firefighters, however, Wilson was denied worker's compensation for an occupational disease. (*Id.*)

On January 18, 2006, Wilson appealed the Hearing Officer's denial of his workers' compensation claim. (Compl. (#5) Ex. 2 at 1.) On September 26, 2006, Appeals Officer Richins denied Wilson's claim because (1) an independent medical examiner offered persuasive medical evidence contradicting Wilson's allegations, and (2) Wilson failed to prove that he was exposed to carcinogens that are reasonably associated with the development of prostate cancer as required by NRS 617.453. (*Id.* at 1, 4-5.) On September 21, 2007, Wilson filed a complaint pursuant to 42 U.S.C. § 1983 in this court alleging that Liz Ayers, Jean Stephens, and Nancy Richins–who had prior knowledge of the three other firefighters' successful claims–denied Wilson of his civil rights and conspired to do the same. (Compl. (#5) at 4-5.)

**II.     Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**III.     Discussion**

Richins, Ayers, and Stephens argue that Wilson's suit must be dismissed because Wilson

2

1  failed to serve Defendants within 120 days after the complaint was filed. Federal Rule of Civil
2  Procedure 4(m) states that the court "must dismiss the action" for failure to serve a defendant
3  within 120 days. Fed. R. Civ. P. 4(m). The Ninth Circuit, however, employs a more lenient
4  approach, which defers to the discretion of the district court. *See United States v. 2,164 Watches,*
5  *More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004)
6  (observing that the court may retroactively extend the time to serve defendants under Rule 4(m)).
7  There is no definitive criteria for deciding whether or not a suit should be dismissed for failure to
8  serve a defendant within 120 days. Courts may consider factors like a statute of limitations bar,
9  prejudice to the defendant, actual notice of the lawsuit, and eventual service. *Efaw v. Williams*,
10 473 F.3d 1038, 1041 (9th Cir. 2007).

11    Although Wilson exceeded the maximum time allowed to serve Defendants under Rule
12 4(m), his indiscretion is not dispositive. Richins, Ayers, and Stephens were eventually served, and
13 it is highly unlikely that Defendants will be prejudiced by continued litigation. Therefore, because
14 Ayers and Stephens failed to advance any additional arguments supporting dismissal, their motions
15 shall be denied.

16    Moreover, Richins argues Wilson's claims should be dismissed because they are barred by
17 42 U.S.C. § 1983's statutory language, judicial immunity, and exclusive remedy provisions of
18 Nevada's workers compensation statutes. Because Wilson sued Richins in her official capacity as
19 an employee of a state agency, Wilson effectively sued the state. *Will v. Michigan Dep't of State*
20 *Police*, 491 U.S. 58, 70-71 (1989). Under 42 U.S.C. § 1983, a plaintiff may bring a suit only
21 against a "person." *See* 42 U.S.C. § 1983. The state, however, is not a "person" under 42 U.S.C.
22 § 1983; thus, a state employee sued in her official capacity is also not a "person." *See, e.g.*, *Will*,
23 491 U.S. at 70-71 (noting that "a suit against a state official in his or her official capacity is . . . a
24 suit against the official's office" under 42 U.S.C. § 1983). Accordingly, Wilson fails to state a
25 claim under 42 U.S.C. § 1983.

26

Richins further argues that Wilson's claim is barred by judicial immunity. The purpose of judicial immunity is to ensure an objective and independent judiciary by relieving judges from the threat of civil liability and protecting the finality of their judgements from collateral attacks by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988); *Pulliam v. Allen*, 466 U.S. 522, 537-38 (1984). Judicial immunity applies to both judges and government officials "performing judge-like functions." *Ricotta v. Cal.*, 4 F. Supp. 2d 961, 972 (S.D. Cal. 1998); *Ashelman v. Pope*, 793 F. 2d 1072, 1074 (9th Cir. 1986). Accordingly, "judicial immunity has been extended to federal hearing officers and administrative law judges . . . ." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986). Further, judicial immunity applies to claims arising under § 1983 and even under allegations that conspiracy produced a certain result. *Agnew v. Moody*, 330 F.2d 868, 870 (9th Cir. 1964). Judicial immunity is, however, subject to two limitations. Judges are not immune from suit where (1) their actions do not constitute a judicial act, and (2) they have acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Because Richins is a Hearing Officer who hears appeals and renders decisions, Wilson's claim is barred by judicial immunity. Furthermore, Wilson has made no showing that Richins's immunity should be limited. Even if he did, it is unlikely that he could prevail. Concerning the first limitation, both parities acknowledge that the action Wilson complains of relates to Richins's conduct as an administrative judge. (*See* Compl. (#5) at 3.) Regarding the second limitation, it is also highly unlikely that Wilson could prove that Richins acted in the "clear absence of all jurisdiction." *See, e.g.*, *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (holding that a judge who "misinterpreted a statute and erroneously exercised jurisdiction" did not act in the "clear absence of all jurisdiction.") *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989) (observing that judges "enjoy immunity even when their actions are erroneous [and] malicious.")

Furthermore, to the extent that Wilson is also asserting a state claim for workers' compensation benefits, his suit is barred by the exclusive remedy provisions of NRS 617.017 and

4

1  NRS 617.200.  As discussed by *Tucker v. Action Equipment and Scaffold Co.*, employers are
2  immune from civil suits for injuries or accidents arising out of the scope of employment.  951 P.2d
3  1027, 1029-30 (Nev. 1997), *overruled on other grounds by Richards v. Republic Silver State*
4  *Disposal, Inc.*, 148 P.3d 648, 686.  The purpose of this immunity is to allow an employer to
5  provide workers' compensation coverage in return for limited liability.  *Id.* at 1030.  This policy is
6  reflected in NRS 617.017 and NRS 617.200, which relieve employers from liability due to
7  occupational diseases.
8      Finally, Wilson's claims against Richins in her official capacity are barred by the Eleventh
9  Amendment, which provides that "the Judicial power of the United States shall not be construed to
10 extend to any suit in law or equity, commenced or prosecuted against one of the United States by
11 Citizens of another States, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend.
12 XI.  Judicial interpretation has construed the amendment to extend to suits brought by a state's own
13 citizens.  *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).  Moreover, NRS 41.031 provides, "[t]he State
14 of Nevada does not waive its immunity from suit conferred by Amendment XI of the Constitution
15 of the United States."  NRS 41.031(3).  As Richins notes, Nevada's retained immunity is
16 unambiguously recognized by the federal courts.  *See, e.g.*, *Bank of Lake Tahoe v. Bank of*
17 *America*, 318 F.3d 914, 916-17 (9th Cir. 2003).
18 /// /// ///
19 /// /// ///
20 /// /// ///
21 /// /// ///
22 /// /// ///
23 /// /// ///
24 /// /// ///
25 /// /// ///
26

IT IS THEREFORE ORDERED that Liz Ayers's and Jean Stephens's Motions to Dismiss (#16) and (#17) are DENIED.  In the event Ayers or Stephens wish to file additional motions, they are granted 30 days to do so.

IT IS FURTHER ORDERED that Nancy K. Richins's Motion to Dismiss (#14) is GRANTED.  In the event Wilson wishes to file an amended complaint to state a cognizable claim against Richins, he is granted 30 days to do so.

IT IS SO ORDERED.

DATED this 7th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE