1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                 DISTRICT OF NEVADA
8                                        * * *
9   CURT WILSON,                          )
                                          )
10              Plaintiff,                )        2:07-CV-01283-LRH-LRL
                                          )
11      v.                                )
                                          )        ORDER
12  LIZ AYERS, JEAN STEPHENS, and         )
    NANCY K. RICHINS,                     )
13                                        )
                Defendants.               )
14  _____)

15      Before the court is Defendant Liz Ayers's Motion to Dismiss (#29[1]). Plaintiff Curt Wilson

16  has filed an opposition (#32) to which Defendant Ayers replied (#35). Also before the court is

17  Defendant Jean Stephens's Motion to Dismiss (#30). Plaintiff filed an opposition (#33) to which

18  Defendant Stephens replied (#34).

19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25

26  ─────────────────────
        [1] Refers to the court's docket entry number

## I. Facts and Procedural History[2]

This case arises out of Defendants' denial of Plaintiff's workers' compensation claim. In November 2005, Plaintiff, a Clark County firefighter, filed a workers' compensation claim with his employer for prostate cancer. (Compl. (#5) at 3.) Before Plaintiff filed his claim, three other Clark County firefighters filed similar claims for prostate cancer and received compensation for an occupational disease. (*Id.*) Plaintiff worked with the three firefighters for seventeen years and was exposed to similar conditions, chemicals, and carcinogens. Thus, Plaintiff alleges that like the other three firefighters, he contracted cancer. (*Id.*) However, on December 8, 2005, Stephens, a Senior Claims Adjustor for Nevada Administrators, denied Plaintiff's workers' compensation claim, and on January 18, 2006, Ayers, the Workers' Compensation Coordinator for Clark County, affirmed the decision.

Plaintiff appealed the denial of his workers' compensation claim. (Compl. (#5) Ex. 2 at 1.) On September 26, 2006, Appeals Officer Richins denied Plaintiff's claim because (1) an independent medical examiner offered persuasive medical evidence contradicting Plaintiff's allegations, and (2) Plaintiff failed to prove that he was exposed to carcinogens that are reasonably associated with the development of prostate cancer as required by Nevada Revised Statutes section 617.453. (*Id.* at 1, 4-5.)

---

[2] The following facts are primarily taken from the complaint. Because the court considers this case on a motion to dismiss, the court accepts the allegations in the complaint as true. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).

The court will also take judicial notice of the decision of the Appeals Officer attached to the complaint. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, F.3d 903, 907 (9th Cir. 2003) (citations omitted). However, the court may consider certain materials without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908 (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994)). Such materials include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *Id.*

On September 21, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 in this court alleging that Defendants denied him due process and conspired to do the same. (Compl. (#5) at 4-5.) On July 7, 2009, the court entered an order (#28) granting Defendant Richins's Motion to Dismiss (#14) and denying motions to dismiss filed by Ayers and Stephens (##16, 17). In particular, as to Richins, the court found that (1) Plaintiff failed to state a claim against Richins under 42 U.S.C. § 1983 because Plaintiff sued Richins in her official capacity, (2) Richins is protected by judicial immunity, and (3) Nevada Revised Statutes section 617.017 bars Plaintiff's state law claim for workers' compensation benefits.

As to Ayers and Stephens, in their initial motions to dismiss, these defendants argued only that dismissal was warranted because Plaintiff failed to serve them within 120 days after filing the complaint. The court found that although Plaintiff exceeded the maximum time allowed to serve Defendants under Federal Rule of Procedure 4(m), Plaintiff eventually served Defendants, and the delay was not prejudicial. Accordingly, the court denied the motions to dismiss, but granted Ayers and Stephens thirty days to file the additional motions to dismiss now before the court.

**II.   Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter,

3

accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted).  A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50.  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted).  However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted).  The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.)  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949)

**III.    Discussion**

In the complaint, Plaintiff asserts the following claims for relief: (1) denial of his due process rights and (2) conspiracy to deny his due process rights.  Defendants seek dismissal of each of these claims.

**A.  Due Process Claim**

Plaintiff alleges that, in violation of the Fourteenth Amendment, Ayers and Stephens interfered with his due process rights by refusing to accept his workers' compensation claim for

prostate cancer. Because it is not clear whether Plaintiff is attempting to assert a substantive or procedural due process violation, the court will address each theory below.

**1.     Substantive Due Process**

To establish a substantive due process violation pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate (1) a deprivation of life, liberty, and property and (2) "conscience shocking behavior by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

Here, Plaintiff alleges that despite granting the worker's compensation claims of three other firefighters with whom Plaintiff worked for seventeen years, Defendants denied Plaintiff's workers' compensation claim. As a matter of law, this is not the type of conscience shocking behavior that courts have found to support substantive due process claims.

"Only the most egregious official conduct can be said to be arbitrary in a constitutional sense." *Id.* (citation omitted). Thus, in *Brittain*, in considering the conduct of a police officer, the Ninth Circuit stated, "It is not conscience shocking that an officer would act in a non-identical fashion in cases presenting similar (though not identical) factual circumstances." *Id.* at 989. Similarly, here, despite coming to different conclusions when assessing other firefighters' claims, it was not conscience shocking for Defendants to review Plaintiff's claim and find that Plaintiff failed to prove that he was exposed to carcinogens that are reasonably associated with the development of prostate cancer as required by Nevada Revised Statutes section 617.453.[3] Because

---

[3] In his opposition, Plaintiff argues Defendants improperly allocated to him the burden of proof. Plaintiff filed his claim under Nevada Revised Statute section 617.453, which provides that cancer is an occupational disease if (1) the cancer develops or manifests itself out of and in the course of the employment of a person who, for five years or more, has been employed in Nevada as a full-time firefighter and (2) it is demonstrated that the firefighter was exposed to a known carcinogen during the course of his employment and the carcinogen is reasonably associated with the disabling cancer. Nev. Rev. Stat. § 617.453(1).

As Plaintiff notes, the statute creates a rebuttable presumption that the disabling cancer developed or manifested itself out of and in the course of the firefighter's employment. Nev. Rev. Stat. § 617.453(5). However, this presumption applies only where the cancer is diagnosed no more than 60 months after the firefighter's termination. *Id.* Here, Plaintiff's last day of work was July 7, 1997. He was diagnosed with prostate cancer in August of 2005. Thus, more than sixty months lapsed between Plaintiff's last day of employment and his diagnosis, and the presumption created by section 617.453 does not apply.

Plaintiff has failed to allege facts suggesting that Defendants acted in an arbitrary or conscience shocking manner, Plaintiff has failed to state a colorable substantive due process claim.

### 2. Procedural Due Process

"The first step in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'" *Am. Manufacturers Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999). Only after the court has found that the plaintiff has been deprived of a protected interest does the court consider whether the procedures the state afforded to the plaintiff complied with due process. *Id.*

The court assumes, without deciding, that Plaintiff has a protected property interest in his claim for payment of workers' compensation benefits. *See Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 195 (2005) ("We assume, without deciding, that . . . respondent has a property interest. . . in its claim for payment . . . .") "When a government created-property interest is at stake, due process principles require at least notice and an opportunity to respond in some manner, whether in writing or at an oral hearing, before termination of that interest." *Raditch v. United States*, 929 F.2d 478, 480 (9th Cir. 1991) (citation omitted).

Here, Plaintiff alleges that the evidence establishes his entitlement to benefits and that Defendants' denial of his claim violated his due process rights. This argument does not support a procedural due process claim. As noted, procedural due process ensures that a claimant has notice and an opportunity to be heard. Defendants' arguments here challenge only Defendants' findings and conclusions.[4]

Plaintiff received notice and an opportunity to present evidence in connection with his claim for benefits, and Plaintiff has failed to allege the denial of any additional, particular procedures to

---

[4] Pursuant to Nevada Revised Statutes section 233B.130, Plaintiff had thirty days after service of the Appeals Officer's final decision to petition the district court for judicial review of the decision. Plaintiff failed to seek such a review here.

6

which he is entitled. Accordingly, the court finds that Plaintiff has failed to allege facts giving rise to a colorable claim for the denial of procedural due process.

**B. Conspiracy**

In the complaint, Plaintiff further alleges that Defendants conspired to deprive him of his due process rights in violation of 42 U.S.C. § 1985. A violation of § 1985 requires the following: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983). "[T]he second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (internal quotation marks and citation omitted).

"The absence of a [§] 1983 deprivation of rights precludes a [§] 1985 conspiracy claim predicated on the same allegations." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (citations omitted). Here, Plaintiff seeks relief under § 1985 for the same allegedly discriminatory and arbitrary acts alleged in support of his §1983 claims. Because the court has determined that Plaintiff has failed to state a claim upon which relief can be granted for his §1983 claims, Plaintiff has likewise failed to state a claim under §1985.[5]

IT IS THEREFORE ORDERED that Defendants Ayers's Motion to Dismiss (#29) is GRANTED.

---

[5]The court further notes that Plaintiff's complaint contains legal conclusions, but no facts, to support his claim that Defendants conspired together to deprive him of his rights.

IT IS FURTHER ORDERED that Defendant Stephens's Motion to Dismiss (#30) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is granted thirty (30) days to file an amended complaint stating colorable claims against Ayers and Stephens. In the event that Plaintiff fails to do so, this case shall be dismissed without prejudice, and the Clerk shall enter judgment accordingly.

IT IS SO ORDERED.

DATED this 14th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE