UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CURT WILSON, ) | |
| ) | |
| Plaintiff, ) | 2:07-CV-01283-LRH-LRL |
| ) | |
| v. ) | |
| ) | ORDER |
| LIZ AYERS, JEAN STEPHENS, and ) | |
| NANCY K. RICHINS, ) | |
| ) | |
| Defendants. ) | |

On January 14, 2010, this court granted (#36[1]) Defendants Liz Ayers and Jean Stephens' Motions to Dismiss (##29, 30). In doing so, the court authorized Plaintiff Curt Wilson to file an amended complaint alleging colorable claims against the defendants. Pursuant to this court's order, on February 15, 2010, Plaintiff filed an amended complaint (#37). Several days later, on February 22, 2010, Plaintiff filed a second amended complaint (#41).

Defendants Ayers, Stephens, Richins, and the Nevada Department of Administration, Hearing Division, have each filed motions to dismiss (##39, 44, 47, 49). Defendants Nevada Department of Administration, Hearing Division, and Richins, have also filed a motion to strike the second amended complaint (#45).

This case has been before the court numerous times. Because the parties and the court are

---

[1]Refers to the court's docket entry number

1  familiar with Plaintiff's allegations, the court will not repeat them here.  In short, this case arose
2  out of Defendants' denial of Plaintiff's claim for workers' compensation based on his alleged
3  exposure to carcinogens during his employment as a Clark County firefighter.

4  The court has reviewed the second amended complaint and finds that it fails to state a claim
5  upon which relief can be granted.  In the second amended complaint, Plaintiff alleges for the first
6  time a race-based equal protection claim.  "To succeed on a § 1983 equal protection claim, the
7  plaintiff[] must prove that the defendants acted in a discriminatory manner and that the
8  discrimination was intentional."  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3D 736, 740 (9th Cir.
9  2000) (*citing Fed. Deposit. Ins. Corp. v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991)).  To
10 support his claim, Plaintiff points to doctors' reports that Defendants Stephens and Richins relied
11 upon in reviewing Plaintiff's workers' compensation claim.  The reports indicate that Plaintiff's
12 race increased his risk of acquiring prostate cancer and likely contributed to his cancer in this case.

13 In the complaint, Plaintiff does not allege that the scientific evidence supporting the
14 doctors' statements is incorrect or otherwise challenge the accuracy of the doctors' statements.  In
15 other words, Plaintiff does not allege facts suggesting that, in accepting the doctors' conclusions,
16 Defendants acted with a discriminatory intent.  Instead, the complaint indicates that Defendants
17 denied Plaintiff's workers' compensation claim because Plaintiff failed to demonstrate that his
18 exposure to carcinogens caused his prostate cancer.[2]

19 With regard to Plaintiff's due process claim, Plaintiff has not alleged additional facts that
20 would alter this court's prior find that the allegations in the complaint did not support either a
21 substantive or procedural due process claim.  Similarly, as the court previously found, the absence

---

[2] Plaintiff continues to assert that Defendants erred in placing the burden of proof on him.  However, as the court found in its prior order, the presumption that Nevada Revised Statutes section 617.453(5) provides does not apply here because Plaintiff's cancer was diagnosed more than five years after his last day of employment as a fireman.  Plaintiff's argument to the contrary is not convincing.

1  of a constitutional violation precludes Plaintiff's conspiracy claim under 42 U.S.C. § 1985.[3]  *See*

2  *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (citations omitted).

3        IT IS THEREFORE ORDERED that Defendants Nevada Department of Administration,

4  Hearing Division, and Richins' Motions to Dismiss (##39, 44) are GRANTED.

5        IT IS FURTHER ORDERED that Defendant Ayers' Motion to Dismiss (#47) is

6  GRANTED.

7        IT IS FURTHER ORDERED that Defendant Stephens' Motion to Dismiss (#49) is

8  GRANTED.

9        IT IS FURTHER ORDERED that Defendants Nevada Department of Administration,

10 Hearing Division, and Richins' Motion to Strike (#45) is DENIED as moot.

11       Plaintiff's case is dismissed without prejudice, and the Clerk of the Court shall enter

12 judgment accordingly.

13       IT IS SO ORDERED.

14       DATED this 13th day of August, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Plaintiff intends to allege state law claims for fraud and misrepresentation, the court declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3).